HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID NOEL SMITH and MAUREEN ANNE SMITH<br><br>Plaintiffs,<br><br>v.<br><br>JACQUELYN AUFDERHEIDE, ET AL.<br><br>Defendants. | Case No.  07-05125RBL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. SUMMARY

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Dkt. #34). The Defendants seek a ruling that the Plaintiff is barred from proceeding with his claims for wrongful discharge and the related causes of action under Title VII and Section 1983. Additionally, Defendants contend that the judgment in the state court action regarding the plaintiff's challenge for unemployment compensation should be given full faith and credit, thus should have preclusive effect on the case before this Court.

Having reviewed the parties' submissions, the Court hereby DENIES Defendants' motion. The reasons for the Court's order are set forth below.

## II. BACKGROUND

The following alleged facts are set forth in a light most favorable to the non-moving party:

The Plaintiff, David Smith, worked for Kitsap County as a traffic engineer for 16 years. Around 2001, Mr. Smith began tape recording conversations with co-workers and private citizens for several years. Finally, in 2005, his employer learned of this practice. The county did not immediately fire him.

During that time, Smith was a witness against the county in a discrimination lawsuit filed by one of his co-workers. The lawsuit eventually settled in early 2006. The county then sought disciplinary action against Smith for the tape recorded conversations. Smith was terminated in April 2006.

Shortly after his termination, Mr. Smith filed for and received unemployment compensation. Despite the county's objections, the Washington Security Employment Department ruled that Smith was eligible, concluding that there was no evidence of employee misconduct.

The county appealed, and a hearing before Administrative Law Judge followed. The ALJ found in Mr. Smith's favor and affirmed the award of benefits.

The county filed a review petition with the Employment Security Department Commissioner. The Commissioner overturned the ALJ's findings and conclusions and found that Smith had engaged in disqualifying misconduct, which precluded him from receiving unemployment compensation.

Mr. Smith appealed to state superior court. The superior court judge affirmed the Commissioner's findings that Mr. Smith engaged in misconduct and should be denied unemployment compensation benefits.

Mr. Smith filed a lawsuit in this Court for wrongful discharge and causes of action under Title VII and Section 1983.

### III. DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a

matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

**B. Washington Law Prohibits the Defendant from Taking Advantage of Nonmutual Defensive Collateral Estoppel**

As a general matter, federal courts should give state court reviewed administrative adjudications the same full faith and credit that the adjudications would have in the state's own courts. 28 U.S.C. § 1738; *University of Tennessee v. Elliot*, 478 U.S. 788, 799 (1986). Full faith and credit should not be given if there is state law that expressly prohibits courts from giving a preclusive effect. *See, e.g.,* Wash.Rev.Code ("RCW") 50.32.097.

Washington law expressly does not give preclusive effect to findings in unemployment compensation adjudications. RCW 50.32.097 provides, in relevant part:

> Any finding, determination, conclusion…or final order made by the commissioner …an appeal tribunal, administrative law judge, reviewing officer, or other agent of the department for the purposes of Title 50 RCW, shall not be conclusive, nor binding…in any separate action outside the scope of Title 50 RCW…before an arbitrator, court, or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts…

Accordingly, because the state superior court's decision was made for purposes of determining Plaintiff's eligibility for benefits under Title 50 of the Revised Code of Washington, the plain language of the statute

clearly forbids this Court from giving full faith and credit to those findings and conclusions.[1]

Additionally, Washington federal and state case law is clear that the courts should strictly interpret RCW 50.32.097. For example, in *Keenan v. Allan*, 889 F.Supp. 1320, 1360 (E.D.Wash.1995), the district court held that findings of the Washington Employment Security Department ALJ did not preclude the former employee from asserting a retaliatory discharge claim in federal court. When making this determination, the court noted that RCW 50.32.097 does not permit use of the ALJ's findings and conclusions in subsequent litigation. *Id.*; *see also Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash.2d 299, 314-315, 96 P.3d 957 (2004)(holding that RCW 50.32.097 prohibits an estoppel effect because "if a legislative body indicates its intent on the matter of preclusion, that intent generally controls whether the judicially applied doctrine of collateral estoppel will apply").

## IV. CONCLUSION

For the reasons discussed above, the Court DENIES the Defendants' Motion for Partial Summary Judgment.

DATED this 11th day of January 2008

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] The plain language of the statute does not address whether there is a preclusive effect of a state superior court. Additionally, there are no cases in this jurisdiction that have addressed this matter. Here, the Court has given deference to the intent of the statute and its application of prohibiting a preclusive effect on subsequent litigation. In addition, because the procedural posture of a state superior court is one of an appellate tribunal under Title 50, *see* RCW 50.32.120, the statute can also be interpreted to prevent an estoppel effect on state superior courts.