HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID NOEL SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>JACQUELYN AUFDERHEIDE, et al.,<br><br>            Defendants. | Case No. C07-5125RBL<br><br>ORDER ON PENDING DISCOVERY |

This matter comes before the Court on the following discovery motions: Defendants' Motion to Compel Plaintiff to Honor the Stipulated Agreement for IME [Dkt. # 41]; Defendants' Motion to Compel Plaintiff's Employment Records [Dkt. #43]; Defendants' Motion to Compel Particular Answers [Dkt. # 45]; and Plaintiff's Motion to Quash a subpoena for bank records [Dkt. #49].

The motions, supporting affidavits and documentation, and the responsive affidavits and documents reveal a plain vanilla, petty discovery dispute, which could and should have been resolved far prior to the filing of four discovery motions. The attorneys appearing in this court are expected to conduct themselves professionally and courteously, even when their respective clients are incapable of doing so. Counsel are encouraged to review and adhere to the *American College of Trial Lawyers: Code of Pretrial Conduct and Code of Trial Conduct*, at www.actl.com.

The court rules as follows on the pending discovery Motions:

**1.      IME [Dkt. #41]**

If he refused to do so on March 28, the Plaintiff is ordered to attend an IME at the Seattle office of

ORDER
Page - 1

Dr. Hamm, at his next available schedule opening. The deadline for disclosing this expert's report is extended for 21 days after the IME occurs. Defendants' Motion to Compel [Dkt. #41] on this issue is GRANTED.

**2.    Motion to Compel Employment Records [Dkt. # 43].**

    A.    **Longacre employment**. Plaintiff claims he has provided all documents available for his employment with Mr. Longacre's law firm. Defendants' Reply continues the argument about who said what to whom and when, but does little to address Plaintiff's claim that the documents have been produced. This portion of the Defendants' Motion to Compel [Dkt. # 43] is therefore DENIED.

    B.    **Employment Security Department Records**. Defendants argue that Plaintiff is seeking more than $2 million in lost wages and retirement benefits (and $18 million overall), and that they therefore require access to Plaintiff's otherwise confidential Employment Security Department files. They do not otherwise explain how this would assist their defense. Plaintiff does not address these records at all in his response [Dkt. #47]. Defendants' Reply [Dkt. #56] addresses Plaintiff's claim that he destroyed his tax records prior to 2005, and what they view as the consequences of that admission. Defendants still do not address the Employment Security Department files. This Portion of the Defendants' Motion to Compel Employment Records [Dkt. #43] is therefore DENIED without prejudice. Upon a showing of the relationship between these records and the defense of Plaintiff's claims, the court will order the records' production.

    C.    **Tax returns**. Defendants seek ten years of tax returns from the Plaintiff. Plaintiff claims he provided his 2005 tax return and destroyed all prior returns. No mention of 2006 or 2007 tax returns is made by either party. Plaintiff does not, and in the court's view could not, argue that the tax returns are not discoverable given his claims in this litigation. Neither party addresses the fact that there are other methods for obtaining past tax returns, and Plaintiff does not specifically say that he does not have paper copies (as most people do). This Portion of the Motion to Compel [Dkt. #43] is GRANTED. The Plaintiff is ORDERED to produce the requested tax returns. The impact of his failure to do so will be

addressed, if necessary, upon a subsequent motion.

**3.      Motion to Compel Particular Answers [Dkt. # 45].**

Defendants seek to compel plaintiff to state each and every fact upon which he bases his claims against each individual Defendant and to produce all documents supporting the same. Plaintiff's adjective filled narrative, followed by list of claims, is insufficient. The Motion to Compel Particular Answers to these Interrogatories [Dkt. 45] is GRANTED and the Plaintiff is ORDERED to state each and every fact supporting each claim against each individual Defendant.

Plaintiff claims in his Responsive Declaration [Dkt. #48, attachment #1] that Defendants have "been provided each document that supports my claims." The problem with this response, as the Defendants point out, is that Plaintiff simply "dumped" 2000 pages of non-Bates-stamped documents on the Defendants and said, with respect to each Defendant and each claim, essentially, "it's in there." This form of discovery is not helpful to the Defendants and is not proper. Plaintiff is ORDERED to identify and produce documents supporting his claim(s) against each individual Defendant. For the convenience of all concerned, the production should be Bates-stamped, so the parties and the court have some idea what document is at issue. The parties shall share equally in the cost of this service. The Motion to Compel Particular Responses to this Request for Production [Dkt. #45] is GRANTED.

**4. Motion to Quash Bank Subpoena [Dkt. # 49].**

The parties have apparently resolved the scope of the bank records subpoena, and this Motion is DENIED as MOOT.

IT IS SO ORDERED.

Dated this 3rd day of April, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE