The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID NOEL SMITH,

                Plaintiff,

v.

JACQUELYN AUFDERHEIDE, et al.,

                Defendants.

NO. C07-5125RBL

ORDER DISMISSING CLAIMS AGAINST JACQUELYN AUFDERHEIDE

      Plaintiff Smith alleges that Assistant Prosecuting Attorney Jacquelyn Aufderheide is liable in damages for misappropriation of Property (Claim 9) and Acting Under Color of Law to Misappropriate Property (Claim 20). The allegations stem from the handling of certain documents in the case of *Shank v. Kitsap County*, C04-5843RJB. When Smith disclosed that he possessed documents relevant to the *Shank* lawsuit, plaintiff claims Aufderheide told him to consult a private attorney. Apparently, at least some of the documents were given to the private attorney for review and safe-keeping. Ultimately, Kitsap County subpoened all of Smith's documents in connection with discovery in the *Shank* lawsuit. Plaintiff asserts that after the documents were produced, Aufderheide removed certain documents and refused to return them to Smith.

      Aufderheide denies that documents were taken by her and says instead that she had the documents copied by a copy service and then Smith's "originals" were returned to him before the prosecutor's office reviewed the copies. Following review of the documents, the County demanded that Smith's "originals" be returned. When Smith refused, the County initiated a Declaratory Judgment action in Kitsap County Court

styled: *Kitsap County v. David N. Smith, et al*, Kitsap County Superior Court Cause No. 05-2-01317-8. Exh. 1 to Declaration of Jayne Freeman [Dkt. #173]. The documents Smith now alleges to have been misappropriated are the subject of that civil case.

According to the information supplied by defendant Aufderheide, it appears that any non-privileged "withheld" documents were produced to plaintiff Shank and his attorney, Randy Loun, pursuant to a protective order agreed to by the parties in the *Shank* litigation. It does not escape this Court's attention that Mr. Loun also represents Smith here. No one has claimed that Shank or Loun withheld these produced documents from Smith, who after all, gathered and/or produced them in the first place.

In this case, Smith argues that the privileged documents were wrongfully withheld from him and he seeks unspecified damages from Aufderheide. The Court is convinced from the materials submitted that the issue here is not one of theft or misappropriation of property. The issue to be decided eventually is whether there is some privilege that prevents certain documents from being provided to Smith and/or the Court. This is essentially a discovery issue between plaintiff and Aufderheide as a witness (or potential witness) in this case.

The Court previously dismissed all claims against Aufderheide except claims 9 and 20. Because there is no factual or legal basis to support a claim that Aufderheide misappropriated or stole certain documents valuable to Smith, those claims are also **DISMISSED. All** claims against Jacquelyn Aufderheide have now been **DISMISSED WITH PREJUDICE**.

DATED this 22nd day of September, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE